# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RAYMOND C. WINSTON, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.:  **2:05-CV-0497-RDP** |
| } | |
| **JEFFERSON COUNTY, ALABAMA,** } | |
| **et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Pending before the court is Proposed Intervenors Van Phillips, Pamela Phillips, and Chase Lake Partners, L.P.'s ("Movants") Motion to Intervene filed on January 26, 2007.  (Doc. # 74).  The court held a hearing on the motion on February 6, 2007.  The motion has been fully briefed by all interested parties and is now ripe for decision by the court.  Because the court concludes that Movants are not entitled to intervene as of right and finds their motion to be untimely, the court determines that Movants' motion is due to be denied.

**II.    STATEMENT OF FACTS**

Movants seek to intervene in this case filed by Plaintiffs, purporting to represent themselves and those similarly-situated, against Defendants asking this court to, *inter alia*: (1) declare that the Excess Funds Statute found in Alabama Code § 40-10-28[1] is void as unconstitutional; (2) award to

---

[1]Ala. Code §40-10-28, entitled "Excess funds after sale," states:

> The excess arising from the sale of any real estate remaining after paying the amount of the decree of sale, and costs and expenses subsequently accruing, shall be paid over to the owner, or his agent,

Plaintiffs and Class members damages under 42 U.S.C. §1983 equal to the excess funds held by the County, plus statutory interest thereon; (3) award to Plaintiffs and the Class the costs of this matter, including a reasonable attorneys' fee; (4) issue a permanent injunction enjoining the Defendants from interpreting and/or applying the Excess Funds Statute in a manner to allow the acceptance of excess funds; (5) enjoin the Defendants from interpreting or applying the Excess Funds Statute or any attendant statutes as requiring redeeming property owners to pay interest on excess funds held by the County as a condition of redemption; and (6) enjoin the Defendants from interpreting or applying the Excess Funds Statute or any attendant statutes as requiring redeeming property owners to indemnify them as a condition of redemption. (Doc. # 48). In summary, Plaintiffs argued that Defendants' interpretation of the Excess Fund Statute deprived them of their constitutional right to due process and that such interpretation and application of the Excess Funds Statute worked an unconstitutional taking without compensation under the U.S. Constitution. Specifically, Plaintiffs

---

or to the person legally representing such owner, or into the county treasury, and it may be paid therefrom to such owner, or into the county treasury, and it may be paid therefrom to such owner, agent or representative in the same manner as to the excess arising from the sale of personal property sold for taxes is paid.  If such excess is not called for within three years after such sale by the person entitled to receive the same, upon the order of the county commission stating the case or cases in which such excess was paid, together with a description of the lands sold, when sold and the amount of such excess, the county treasurer shall place such excess of money to the credit of the general fund of the county and make a record on his books of the same, and such money shall thereafter be treated as part of the general fund of the county. At any time within 10 years after such excess has been passed to the credit of the general fund of the county, the county commission may on proof made by any person that he is the rightful owner of such excess of money order the payment thereof to such owner, his heir or legal representative, but if not so ordered and paid within such time, the same shall become the property of the county.

argued that because Defendants had a policy requiring property owners to redeem (or buy-back) their property after a tax sale (for delinquent property or *ad valorem* taxes) in order to receive any excess funds (an amount over the amount of delinquent taxes owed by the property owner) resulting from the sale of the property, Defendants were denying the property rights and due process rights of these owners and taking and keeping monies that rightfully belonged to these owners.

The intervenors are not members of the Plaintiff Class approved for settlement purposes in this case, which is defined as:

> All individuals or entities who at some time within the 13 years before the filing of this action, or since that time, owned property in Jefferson County, Alabama, which was sold to pay delinquent ad valorem taxes owed by such owners, and which sale produced an excess over the taxes, interest, penalties and costs due, and which excess is still held by Jefferson County.
>
> This class shall not include claims based upon tax sales for the years between 1994 and 1998 by persons or entities who participated as members of the settlement class in *Maples v. Williams* and who redeemed the property sold to investors other than the state of Alabama and were required to pay at redemption 12% interest on an overbid amount.

(Doc. # 61 ¶ 3). Each of the Movants previously served as class representatives in a different class action filed almost ten years ago in the Circuit Court of Jefferson County, Alabama. *Maples v. Williams*, Case No. CV 98-05330 (Jefferson County, Alabama Circuit Court, Mar. 17, 2000). They were represented by the same attorney, Mr. Lewis Garrison, in that action, and reached a settlement which was filed in open court on March 17, 2000 and approved by that court. The Settlement Agreement is attached to the motion to intervene and contains a discharge and release provision approved by the state court and binding on Movants. (Doc. # 79 Ex. A §§6.01–6.02). Among other provisions, that release provides that the *Maples* plaintiffs:

> [S]hall be deemed to have covenanted and agreed that Defendants shall be forever released and discharged from the claims set forth above, and such Defendants shall be forever released and discharged from such claims, demands, actions, causes of action, or liability of any nature, whether known or unknown, suspected or unsuspected, which representative Plaintiffs and/or the non-excluded Plaintiff Class members have or ever have had based upon any claim that a tax sale was void because the notice provisions contained in Title 51, Chapter 8 § 78-87, Alabama Code (1940) are unconstitutional or that a tax sale was void by reason of the Jefferson County Tax Collector's failure to comply with the thirty day waiting period after the Decree of Sale contained in Title 51, Chapter 8, § 78-87, Alabama Code (1940).

(Doc. # 79 Ex. A § 6.02).

Movants admit to their participation in the *Maples* lawsuit, the settlement reached in that action, and the binding nature of such settlement. However, they argue that the specific claims adjudicated or settled in that action, and thus the issues foreclosed by the settlement and release, concern only the constitutional concerns involving Defendants' interpretation and application Title 51 Chapter 8, Section 78-87, Alabama Code (1940), and the validity of the tax sales thereunder. In essence, these statutes have to do with the payments a property owner must make in order to redeem an his property after a tax sale, with the *Maples* class arguing (and including as a declaration in the settlement agreement) that Defendants' failure to comply with the notice following the decree of sale entered by the Probate Court (a necessary prerequisite to a tax sale) and failure to adhere to the thirty day waiting period between decree and sale were an unconstitutional deprivation of procedural due process and an uncompensated taking. Therefore, Movants argue that the settlement and release in *Maples* did not address any claims of the *Maples* class concerning the interpretation and applicability of Ala. Code § 40-10-28, which is the basis for the current *Winston* action. Movants conclude that "[s]ince the claims asserted in the *Winston* case were not released in the *Maples* class action, the *Maples* class should be allowed to intervene in *Winston* and pursue those claims." (Doc.

# 81 ¶ 6). Additionally, Movants, after reviewing the proposed settlement in this case, have informed the court that they plan to "raise additional causes of action" concerning the propriety and constitutionality of forcing a taxpayer seeking to redeem his property to pay the statutory 12 % interest on both the amount of delinquent taxes and statutory fees and any overbid amount that amounted in excess funds.

**III.  DISCUSSION**

The court finds that Movants are not entitled to intervene as of right under Federal Rule of Procedure 24(a) because they do not have any "interest relating to the property or transaction which is the subject of the action" and their motion is untimely.  FED. R. CIV. P. 24(a).  Furthermore, the court finds Movants are not entitled to permissive intervention their motion is untimely and would "unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b).

**A.  Intervention of Right**

Fed. R. Civ. P. 24(a) allows for intervention of right and details when the court should allow for such intervention:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a).  As there is no federal statute conferring an unconditional right to intervene in this case, the court must look to the tests for intervention developed under Rule 24(a)(2).

Rule 24(a) requires that a party establish each of the following in order to intervene as a matter of right: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Davis v. Butts*, 290 F.2d 1297 (11th Cir. 2002) (citing *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 508, 1512 (11th Cir. 1996) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989))); *see also* FED. R. CIV. P. 24(a). The movant bears "the burden of establishing [his] purported right to intervene." *In re Healthsouth Corp. Ins. Litig.*, 219 F.R.D. 688, 691 (N.D. Ala. 2004) (citing *U.S. v. Tex. E. Transmission Corp.*, 923 F. 2d 410, 413 (5th Cir. 1991)). A non-party seeking to intervene must have a direct, significant, and legally protectable interest in the outcome of the litigation in which he seeks to intervene. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1251 (11th Cir. 2002); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 707 (11th Cir. 1991). For the reasons explained below, the court finds Movants cannot carry their burden and establish such an interest.

As noted above, the class as defined in this case expressly excludes members of the *Maples* settlement class. Therefore, the present suit specifically exempts Movant's property or former property from any disposition of this case. Furthermore, any funds that would ultimately be used to consummate a settlement agreement, such as the one pending in this case, would be separate from any excess funds gained by Defendants through the tax sale or redemption of Movants' property. Thus, Movants cannot demonstrate that they have "an interest relating to the property or transaction" which is the subject of this case, whether defined as Plaintiffs' property or former property or any future settlement funds paid by Defendants. Nor can they show that they are "so situated that the

disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest," since nothing precludes Movants, who are specifically exempted from the settlement class in the present case, from pursuing their separate claims against Defendants and recovering against the specific funds obtained by Defendants from the tax sale or redemption of Movants' (not Plaintiffs') property.

Even if the Movants could show (and they cannot) that (1) they have the requisite interest in the property that is the subject of this suit and (2) a disposition of this case would impair their ability to protect that interest, the court still finds Movants' motion is due to be denied as untimely. Timeliness is a threshold issue the court must consider when determining whether intervention is appropriate. *Fla. Key Deer v. Brown*, 232 F.R.D. 415, 417 (S.D. Fla. 2005) (citing *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir. 1992)) ("Timeliness stands as a sentinel at the gates whenever intervention is requested and opposed."). In evaluating whether a motion to intervene is timely, a court considers all of the circumstances, including: "(1) 'the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;' (2) prejudice to all existing parties as well as the potential intervenor; and (3) any 'unusual circumstances militating either for or against a determination that the application is timely.'" *Fla. Key Deer*, 232 F.R.D. at 417 (quoting *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1478–79 (11th Cir. 1993)); *see also NAACP v. New York*, 413 U.S. 345, 366 (1973).

The instant case was filed on March 8, 2005. Movants filed their motion to intervene on January 26, 2007. Thus, Movants' have sought to intervene almost two years after this case was commenced. A delay of more than one year in seeking intervention can be unreasonable and make

a motion to intervene untimely and due to be denied. *See Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923 (5th Cir. 1984); *U.S. v. State of Louisiana*, 669 F.2d 314 (5th Cir. 1982). Furthermore, the current case is approaching resolution, as the court has before it a motion to preliminarily approve a settlement of this action. (Doc. # 76). Without question, allowing intervention would clearly unduly delay and prejudice the ongoing adjudication of the rights of the original parties, and could possibly delay or terminate settlement negotiations or proceedings between these parties (especially since, as noted above, Movants seek to add claims to those existing in this case). Therefore, the court determines Movants are not entitled to intervention of right under Rule 24(a).

### B. Permissive Intervention

Movants also seek leave of court to permissively intervene in this action. Rule 24(b) sets forth those situations in which the court *may* allow a party to intervene in an ongoing action:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. CIV. P. 24(b). When a party seeks permissive intervention pursuant to Rule 24(b), he must show each of the following: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213; FED. R. CIV. P. 24(b). As discussed above, Movants' motion is untimely, as this case is now almost two years old and approaching final disposition, and the original parties have submitted a settlement agreement for preliminary approval by the court. Furthermore, the court finds that Movants' claims, although pertaining to a similar subject matter against the same Defendants, are easily -

distinguishable from Plaintiffs. Movants do not have any claims to any excess funds which are the subject matter of the current action because the class that they seek to represent has *already redeemed* their property that was sold in a tax sale. Having redeemed the property, Movants would not be entitled to recover any excess funds arising from a tax sale, as all such proceeds (the purchase price of the property) would be returned to a purchaser upon redemption. The claims that Movants seek to add (if they are allowed to intervene) relate to the propriety and constitutionality of forcing a taxpayer seeking to redeem his property to pay the statutory 12 % interest on both the amount of delinquent taxes and statutory fees and any overbid amount that amounted in excess funds. Movants seek to certify a class and claim they are entitled to a refund of any interest they paid on an overbid amount (excess funds) when redeeming their property. That claim is not currently pending before the court and the court concludes it would be better adjudicated in separate proceedings. Movants attempt to align their interests with the Plaintiff class by pointing out that if any member of the *Winston* class sought to redeem his property, he would face the same problem—paying interest on any excess funds for redemption of his property—that members of the *Maples* class (Movants) would face. However, that assertion does not produce a "common question of law or fact" with the Plaintiff class as it presently exists.

  Even if Movants had established both criteria stated in Rule 24(b), the court still has discretionary authority to deny the motion to intervene. *Chiles*, 865 F.2d at 1213; *see also Valley v. Rapides Parish Sch. Bd.*, 646 F.2d 925, 941–42 (1981). "In exercising its discretion [to allow permissive intervention under Rule 24(b)] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b). Furthermore, and as noted above, allowing intervention in this eleventh hour of litigation would

unduly delay and prejudice the ongoing adjudication of the rights of the original parties, and could possibly delay or terminate settlement negotiations or proceedings between the original parties. Therefore, the court determines Movants should not be allowed to intervene under Rule 24(b).

### IV.     CONCLUSION

For the reasons discussed above, the court concludes that Proposed Intervenors Van Phillips, Pamela Phillips, and Chase Lake Partners, L.P.'s Motion to Intervene filed on January 26, 2007 is due to be denied.  (Doc. # 74). The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this ___21st___ day of February, 2007.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE