FILED

2007 Mar-14  AM 09:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND C. WINSTON, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:05-CV-0497-RDP** |
| | } | |
| **JEFFERSON COUNTY, ALABAMA,** | } | |
| **et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Pending before the court is Defendants' Motion to Consolidate filed on February 22, 2007.

(Doc. # 86).  The court held a hearing on the motion on March 2, 2007.  The motion has been fully

briefed by all interested parties and is now ripe for decision by the court.  For the reasons outlined

below, the court concludes that consolidation of these cases would not be appropriate.

## II.    STATEMENT OF FACTS

The current settlement class of Plaintiffs previously filed claims and asked this court to, *inter*

*alia*: (1) declare that the Excess Funds Statute found in Alabama Code § 40-10-28[1] is void as

---

[1]Alabama Code §40-10-28, entitled "Excess funds after sale," states:

> The excess arising from the sale of any real estate remaining after
> paying the amount of the decree of sale, and costs and expenses
> subsequently accruing, shall be paid over to the owner, or his agent,
> or to the person legally representing such owner, or into the county
> treasury, and it may be paid therefrom to such owner, or into the
> county treasury, and it may be paid therefrom to such owner, agent or
> representative in the same manner as to the excess arising from the
> sale of personal property sold for taxes is paid.  If such excess is not
> called for within three years after such sale by the person entitled to

unconstitutional; (2) award to Plaintiffs and Class members damages under 42 U.S.C. §1983 equal to the excess funds held by the County, plus statutory interest thereon; (3) award to Plaintiffs and the Class the costs of this matter, including a reasonable attorneys' fee; (4) issue a permanent injunction enjoining the Defendants from interpreting and/or applying the Excess Funds Statute in a manner to allow the acceptance of excess funds; (5) enjoin the Defendants from interpreting or applying the Excess Funds Statute or any attendant statutes as requiring redeeming property owners to pay interest on excess funds held by the County as a condition of redemption; and (6) enjoin the Defendants from interpreting or applying the Excess Funds Statute or any attendant statutes as requiring redeeming property owners to indemnify them as a condition of redemption.  (Doc. # 48).  In summary, Plaintiffs argue that Defendants' interpretation of the Excess Fund Statute deprived them of their constitutional right to due process and that such interpretation and application of the Excess Funds Statute worked an unconstitutional taking without compensation under the U.S. Constitution. Plaintiffs also assert that Defendants had a policy requiring property owners to redeem (or buy-back) their property after a tax sale (for delinquent property or *ad valorem* taxes) in order to receive any

---

receive the same, upon the order of the county commission stating the case or cases in which such excess was paid, together with a description of the lands sold, when sold and the amount of such excess, the county treasurer shall place such excess of money to the credit of the general fund of the county and make a record on his books of the same, and such money shall thereafter be treated as part of the general fund of the county. At any time within 10 years after such excess has been passed to the credit of the general fund of the county, the county commission may on proof made by any person that he is the rightful owner of such excess of money order the payment thereof to such owner, his heir or legal representative, but if not so ordered and paid within such time, the same shall become the property of the county.

ALA. CODE §40-10-28 (2006).

excess funds (an amount over the amount of delinquent taxes owed by the property owner) resulting from the sale of the property.  Plaintiffs claim that as a consequence Defendants were denying the property rights and due process rights of these property owners and taking and keeping monies that rightfully belonged to these property owners.

> The Members of the Plaintiff Class, approved for settlement purposes in this case, include:

> All individuals or entities who at some time within the 13 years before the filing of this action, or since that time, owned property in Jefferson County, Alabama, which was sold to pay delinquent ad valorem taxes owed by such owners, and which sale produced an excess over the taxes, interest, penalties and costs due, and which excess is still held by Jefferson County.

> This class shall not include claims based upon tax sales for the years between 1994 and 1998 by persons or entities who participated as members of the settlement class in *Maples v. Williams* and who redeemed the property sold to investors other than the state of Alabama and were required to pay at redemption 12% interest on an overbid amount.

(Doc. # 61 ¶ 3).

Defendant seeks to consolidate two other cases pending in this district—*Geter v. Jefferson County*, CV-07-BE-0334-S (N.D. Ala. Feb. 21, 2007) and *MNP Holdings, LLC v. Jefferson County*, CV-07-0259-S (N.D. Ala. Feb. 7, 2007)—with the instant case, *Winston*.  The Plaintiffs' class certified in this case (2:05-CV-497-RDP) and the Plaintiff Classes proposed in *Geter* and *MNP Holdings* all differ in some degree.  The *Winston* Plaintiff Class (which, importantly, has already been certified by this court for purposes of settlement) includes those whose property was sold for an amount over the amount of overdue taxes, penalties and other fees, but specifically exempts those members of a previous class action, *Maples v. Williams*, Case No. CV 98-05330 (Jefferson County, Ala. Cir. Ct., Mar. 17, 2000), that settled ten years ago.  It also exempts those persons who had already redeemed their property.  The *MNP Holdings* proposed class includes only those who have

3

redeemed property sold under the challenged county tax sale system, and specifically *includes* (and, in fact, may consist entirely of) the *Maples* class.  The Plaintiffs' attorney in *MNP Holdings* is the same attorney as represented the *Maples* class—Lewis Garrison.  Finally, the *Geter* class purports to represent all those individuals over age sixty-five who were eligible for tax exemption, but for some reason did not receive that tax exemption, and whose property was sold under the challenged procedure for delinquent taxes.  Therefore, each action challenges the constitutionality of the Excess Funds Statute which gives the County the authority to sell the property and alleges violation of Due Process rights from allegedly defective notice to them, and violation of their Fifth and Fourteenth Amendment rights.  But each of the actions attacks different aspects of the application of the statute and ostensibly seeks relief for different groups of taxpayers.

## III.     DISCUSSION

Federal Rule of Civil Procedure 42(a) codifies a district court's "inherent managerial power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted).  Rule 42(a) provides:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).  The burden is on the moving party to show that consolidation of the cases would result in judicial economy of time, effort, and costs for the court, counsel, and the litigants, that all cases the party seeks to consolidate involve common questions of law and fact, and that there are no mitigating circumstances against consolidation, such as prejudice to one party or undue delay.

*See, e.g., Polito v. Molasky,* 123 F.2d 258 (8th Cir. 1941); *Watkinson v. Great Atlantic & Pacific Tea Co., Inc.*, 585 F. Supp. 879 (E.D. Pa. 1984); *Prudential Ins. Co. of America v. Marine Nat. Exchange Bank,* 55 F.R.D. 436, 11 U.C.C. Rep. Serv. 129 (E.D. Wis. 1972); *Invest-Import v. Seaboard Surety Co.*, 18 F.R.D. 499 (S.D.N.Y. 1955).

The Rule "'is permissive and vests a purely discretionary power in the district court.'" *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir.1977) (citations omitted);[2] *Hendrix*, 776 F.2d at 1495; *see also* 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383, at 439–40 (1994) (although consolidation under Rule 42(a) may be warranted because of a common issue of law or fact, it is not required).  In fact, the Eleventh Circuit has stated that while there are decisions which have reversed consolidation orders, there were no cases found where a district court's refusal to order consideration had been overturned. *DeVaney v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995).  Indeed, numerous courts have addressed the issue of a district court's refusal to consolidate cases even where the claims were similar and defendants were common (as is the case here), and none have found this refusal to be an abuse of discretion. *See, e.g.*, *DeVaney*,, 59 F.3d at 1169; *Shump v. Balka*, 574 F.2d 1341 (10th Cir. 1978).  Moreover, courts have often held that when consolidation is sought, even in cases that involve common issues and parties, if the cases are all on different procedural tracks or different stages of preparedness for trial, consolidation was improper where it would delay the case that was ready for disposition. *Mills v. Beach Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Petro Mgmt.*

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

*Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988); *The Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1573 (D.N.M. 1994).

In an unpublished decision that closely parallels this case, the Fourth Circuit specifically held that the district court's refusal to consolidate a putative class action with another putative class action (both which alleged a pattern of discrimination against the same employer) was not an abuse of discretion. *Muhammad v. Giant Food, Inc.*, 108 F. App'x. 757 (4th Cir. 2004). The court specifically referenced that one of the putative class actions had not even been certified when the motion to consolidate was filed, that one of the cases had been pending for approximately two years, and that the cases were on different procedural tracks. *Id.* at 766–67.

In the present case, the court concludes that, although there are undoubtedly some common questions of law and fact as between the *Winston*, *Geter*, and *MNP Holdings* cases, the benefits in the forms of judicial and financial economy do not outweigh the undue delay and possible prejudice to the *Winston* settlement class that consolidation would cause. Quite simply, the cases are at two ends of the procedural spectrum. In *Winston*, the class has been certified, discovery completed, and a preliminary settlement agreement has been approved. The other two cases have been pending for less than two months. A substantial delay and prejudice would be suffered by the *Winston* settlement class if that case was consolidated with *Geter* and *MNP Holdings*. Moreover, as described above, each of the three actions involves arguably different class descriptions and both *Geter* and *MNP Holdings* specifically exempt the *Winston* class from any definition of the parties or claims sought

to be represented.[3] Furthermore, the current Settlement Agreement in *Winston* allows class members to opt out and provides notice to all class members (even those who may be in more than one class), and it does not adjudicate or resolve any constitutional claims that are made in *Geter* or *MNP Holdings*.

## IV.    CONCLUSION

For the reasons discussed above, the court concludes that Defendants' Motion to Consolidate filed on February 27, 2007 is due to be denied.  (Doc. # 86).  The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this ____13th____ day of March, 2007.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3]The court is fully aware of Defendants' concern that certain taxpayers may fit into two or all three class definitions, and therefore, these actions should be consolidated.  Of course, the settlement in *Winston*, if ultimately approved, will offer the Defendants ample defense regarding any truly redundant claims asserted by a party.